IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANSE SULLIVAN,<br><br>    Plaintiff,<br><br>  vs.<br><br>T. P. RYAN, et al.,<br><br>    Defendant(s). | No. C 04-02089 JW (PR)<br><br>ORDER ON REMAND; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |

Plaintiff, "sexually violent predator" under civil commitment to Coalinga State Hospital for renewable periods of two years under California's Sexually Violent Predator Act, Cal. Welf. & Inst. Code § 6600 ("SVPA"), and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleged that during the several months that he was temporarily detained at the Santa Clara County Jail ("SCCJ"), defendants violated his constitutional rights by housing him under conditions that are both punitive and unlawful as applied to civil detainees.

Plaintiff's original complaint was dismissed with leave to amend, and on April 25, 2005, plaintiff filed an amended complaint which, when liberally construed, stated cognizable claims under § 1983. On September 30, 2008, the Court granted summary judgment in favor of defendants County of Santa Clara, the Santa Clara County Board

Order on Remand
P:\PRO-SE\SJ.JW\CR.04\Sullivan02089_remand.wpd

of Supervisors, Chief Edward Flores, Captain Toby Wong, Lieutenant Mitchell Conner, Lieutenant Kristen Tarabetz, Sergeant Paul Jones, and Officer William Burden. (See Docket No. 52.) Plaintiff appealed to the United States Court of Appeals for the Ninth Circuit which affirmed summary judgment as to plaintiff's claims arising from his confinement in 1999. (See Docket No. 60.) However, the Ninth Circuit vacated the grant of summary judgment as to plaintiff's claims arising from his confinement in 2003 and 2004, finding those claims were not precluded. (Id.) The Ninth Circuit reversed the grant of summary judgment as to those claims and remanded the matter. (Id.) This case was reopened accordingly.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  No later than **sixty (60) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims arising from plaintiff's confinement in 2003 and 2004, which were found to be cognizable in the Court's Order of Service. (See Docket No. 17.) The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

All papers filed with the Court shall be promptly served on plaintiff.

   a.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary

Order on Remand
P:\PRO-SE\SJ.JW\CR.04\Sullivan02089_remand.wpd    2

> judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

      b. Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

      c. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

2. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true

Order on Remand
P:\PRO-SE\SJ.JW\CR.04\Sullivan02089_remand.wpd          3

copy of the document to defendants or defendants' counsel.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

4. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

DATED: October 18, 2010

JAMES WARE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MANSE SULLIVAN,

        Plaintiff,

  v.

T. P. RYAN, et al.,

        Defendants.

Case Number: CV04-02089 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  10/19/2010 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Manse Sullivan C 000425-9
Coalinga State Hospital
P. O. Box 5000
Coalinga, CA 93423

Dated:  10/19/2010

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk